**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1601-DOC (JPRx)					Date: January 21, 2014

Title: CHURCH MUTUAL INSURANCE COMPANY v. FEDERAL INSURANCE COMPANY

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                                      None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [14]**

Before the Court is Federal Insurance Company's ("Federal's") Motion for Reconsideration ("Motion" or "Mot.") (Dkt. 14) of this Court's December 2, 2013 Order ("Dismissal Order") granting in part and denying in part the motion to dismiss Church Mutual Insurance Company's ("CMIC's") Complaint. After considering the motion, opposition, and reply papers, and reconsidering the underlying papers, the Court hereby DENIES the Motion.

**I.   BACKGROUND**

The facts of this case were discussed in detail in this Court's December 2, 2013 Order, which Federal is now asking this Court to reconsider. *See* Dismissal Order at 1-3. Therefore, the Court will not recite them in detail.

In summary, both Federal and CMIC are insurance companies. Federal issued an insurance policy to CMIC, which broadly covered legal liability arising out of acts while CMIC was performing insurance services ("Policy"). The present dispute is whether an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1601-DOC (JPRx)                              Date: January 21, 2014

Page 2

underlying action filed by a third party named Mr. Steven Scott Haas ("Haas Action") is covered by the Policy.

On December 2, 2013, this Court granted in part and denied in part Federal's motion to dismiss. *See generally* Dismissal Order. The Court dismissed CMIC's claim for fraud because the Complaint did not meet the heightened pleading standard. Dismissal Order at 7-8. However, the Court declined to dismiss CMIC's remaining claims because, in large part, it found that the Complaint sufficiently alleged that Federal did not satisfy its duty to defend. Federal now moves this Court to reconsider the Dismissal Order.

## II. LEGAL STANDARD

Federal moves under Federal Rule of Civil Procedure 60(b). Mot. at 1. At the outset, the Court notes that Rule 60(b) "applies only to a final judgment, order, or proceeding[.]" *Ottovich v. City of Fremont*, No. C 09-4181, 2013 U.S. Dist. LEXIS 89983, at *7-8 (N.D. Cal. June 26, 2013) (reconsidering an interlocutory order under Rule 54(b) instead of Rule 60(b), despite the movant's invocation of Rule 60(b)). Instead, the Court reviews instant motion under Rule 54(b), which grants district courts discretion to reconsider orders prior to a final judgment. *See* Fed. R. Civ. P. 54(b).

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . maybe be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b)*; see also WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011) (noting that district courts may revive dismissed claims under certain circumstances); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (identifying the "well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory"); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (9th Cir. 2003) (stating that a district court retains the power to modify rulings on partial dispositive motions); *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000) (stating that until final judgment is entered, a district court has the "inherent jurisdiction to modify, alter, or revoke" interlocutory decisions).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Khan v. K2 Pure Solutions, LP*, No. 12-CV-05526, 2013 U.S. Dist. LEXIS 169855, at *5 (Dec. 2, 2013). "Reconsideration is appropriate if the district court (1) is

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1601-DOC (JPRx)                                    Date: January 21, 2014

Page 3

presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

Federal brings this motion on two bases: first, that California law does not recognize an "abstract" duty to investigate that is implicated by the facts of this case; and second, that even if it did, CMIC failed to plead facts to sustain a claim on such a duty. The Court still disagrees.

### A. The Duty to Defend

Federal explains that it does not "deny[] that there may be a duty to investigate in particular factual instances, [but] Federal respectfully submits that such a conclusion here either overstates or misstates California law as applied to the allegations here, and in a third-party duty-to-defend situation. At the very minimum, there must be at least some facts alleged that would put an insurer on notice that it would need to investigate a claim." Mot. at 5-6.

The Dismissal Order described the duty to defend in the following way:

> An insurer's duty to defend must be determined on the basis of any *potential* liability arising from the underlying complaint or other sources available at the time the duty allegedly arises. *Seaboard*, 176 Cal. App. 3d at 605; *see also Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643, 654-655, (2005) (holding that the duty to defend is not extinguished "until the insurer negates all facts suggesting potential coverage."). The duty exists when there is a mere potential for coverage because this duty is often triggered early in the underlying suit, when engaging in "time-consuming" speculation as to whether the claim is *actually* covered would deny exactly the thing that the insured purchased with its premiums: the "mounting and funding of a defense . . . in order to avoid or at least minimize liability." *See Buss v. Superior Court*, 16 Cal.4th 35, 46-49 (1997); *see also Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276 (1966) ("[Given] the plasticity of modern pleading, we should hardly designate the third party [who files the underlying suit] as the arbiter of the policy's coverage."). Thus, insurers are obligated to defend policy-holders against any suits that "*potentially*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1601-DOC (JPRx)                                    Date: January 21, 2014

Page 4

> seek damages within the coverage of the policy," *Gray*, 65 Cal. at 275 (emphasis added), and can escape the duty to defend only when the policy-holder cannot by any "conceivable theory raise a single issue which could bring it within the policy coverage." *Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 600 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted); *see also Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944, 951 (9th Cir. 2002) ("California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty.").

Dismissal Order at 5.

      This Court stated that, "[a]n insurer's duty to defend must be determined on the basis of any *potential* liability arising from the underlying complaint or other sources available at the time the duty allegedly arises." Dismissal Order at 5 (citing *Seaboard*, 176 Cal. App. 3d at 605). This strikes the Court as essentially the same rule as posited by Federal: "there must be at least some facts alleged that would put an insurer on notice that it would need to investigate a claim." Mot. at 5-6. However, the Court agrees with Federal that its rule statement could have been more precise; it did not mean to suggest that *any* theoretical potential, including wild speculation, triggered the duty to investigate.

      To be absolutely clear, this Court applied the following standard, better-articulated by the California Supreme Court in the following way: "that the precise cause of action pled by a third party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, *reasonably inferable*, or otherwise known, the complaint could fairly be amended to state a covered liability." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005) (emphasis added) (citing *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275-76 (1966)).

### B. CMIC's Complaint

      The rest of Federal's argument is that CMIC's Complaint did not plead sufficient facts to defeat a Rule 12(b)(6) motion under a theory that Federal failed to discharge its duty to defend. Mot. at 1-5.

      Under Federal Rule of Civil procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1601-DOC (JPRx)                                      Date: January 21, 2014

Page 5

*Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief above the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, the court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

        In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

        First, while CMIC did not use the phrase "duty to investigate," no such magic words are necessary at this stage. CMIC alleged that, "defendants wrongfully and erroneously denied coverage for the Haas Action even though the facts stated or fairly inferable in the First Amended Complaint, or otherwise known or discoverable by the defendants, indicate a claim potentially covered by the policy[.]" Compl. ¶ 19. This is substantially the same language that the California Supreme Court used to describe the duty to investigate, which is part of the duty to defend. *See Scottsdale*, 36 Cal. 4th at 654 (2005) (holding that the duty to defend can exist if, "under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability.").

        Second, CMIC attached the complaints from the Haas Action and quoted them extensively in its own Complaint in the present action. CMIC alleged that in the Haas complaints, the plaintiff alleged that CMIC "wrongfully refused to provide approval for treatment, denied requests for treatment, withheld checks to Haas, and sent overpayments and then demanded refunds." Compl. ¶ 11; *accord* Compl., Ex. B ("Haas FAC"). "In addition, the allegations from the original complaint and the First Amended Complaint in the Haas Action included allegations of wrongdoing that Church Mutual was negligent in selecting and hiring and continued employment of tis agents and employees responsible for handling the Haas claim." Compl. ¶ 22.

        The Haas Action allegations were broad, and could have given rise to any number of causes of action, other than those explicitly asserted by the plaintiff. Just as one example, the Court notes that if the plaintiff amended his complaint to allege emotional distress based solely on CMIC "wrongfully refus[ing] to provide approval for treatment,"

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1601-DOC (JPRx)                                                Date: January 21, 2014

Page 6

Compl. ¶ 11, then Federal's duty to defend would have been triggered, *see* Compl., Ex. C ("Exclusions") ("[The] Exclusion shall not apply to a Claim" for "mental or emotional distress" that is "based solely on the Insured's failure to provide Insurance Services[.]"). The Court, however, will not create an exhaustive list of what the Haas plaintiff could have later asserted. It is enough that it was "reasonably inferable" from the facts alleged by the Haas plaintiff that the Haas complaint could "fairly be amended to state a covered liability." *See Scottsdale*, 36 Cal. 4th at 654 (2005).

      In short, CMIC's claims are facially plausible, and satisfy the relatively low bar set at this early stage of litigation. *See Iqbal*, 556 U.S. at 679. Therefore, the Court holds that the "highly unusual circumstances" necessary to grant a motion for reconsideration have not been shown. *See 389 Orange St. Partners*, 179 F.3d at 665.

## IV. DISPOSITION

      For the reasons stated above, Federal's Motion for Reconsideration is DENIED.

      Furthermore, the Court declines CMIC's invitation to sanction Federal for this Motion; in light of the imprecision of the Court's earlier rule statement in the Dismissal Order, this Motion was brought in good faith.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                         Initials of Deputy Clerk: jcb