JOHN P. McKAY, (#43551)
E-Mail: jmckay@mbglaw.com
PAUL A. de LORIMIER, (#110566)
E-Mail: pdelorimier@mbglaw.com
McKAY, de LORIMIER & ACAIN
3250 Wilshire Boulevard, Suite 603
Los Angeles, CA 90010-1578
Telephone: (213) 386-6900
Facsimile: (213) 381-1762

Attorneys for Plaintiff,
CHURCH MUTUAL INSURANCE
COMPANY, a Wisconsin Corporation

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, an Indiana Corporation; DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 8:13-cv-01601 DOC (JPRx)<br><br>Orange County Superior Court<br>Case No. 30-2013-0067459-CU-BC-CTL<br><br>**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**<br><br>Complaint Filed in Sup. Court: 9/12/13<br>Removed to Federal Court: 10/15/13 |

Subject to the approval of this Court, the parties hereby stipulate to the following confidentiality protective order:

WHEREAS, Plaintiff CHURCH MUTUAL INSURANCE COMPANY and Defendant FEDERAL INSURANCE COMPANY (collectively, the "Parties") through their respective counsel of record in this action, desire to preserve the confidentiality of certain information, documents, and other things ("Discovery Material") that includes confidential, proprietary or commercially sensitive information;

WHEREAS, the Parties have stipulated and agreed that the foregoing Protective Order be entered by the Court;

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Protective Order regarding the disclosure and use of discovery materials.

1.  Certain information, documents, and other things ("Discovery Material") discovered from a party under the Federal Rules of Civil Procedure or voluntarily produced by a party in this action may include confidential information of the party from which discovery is sought. Information, documents, and other things, which are otherwise not objectionable, shall only be produced, whether voluntarily or in response to formal discovery, subject to this Protective Order (the "Order").

2.  Any of the Parties producing Discovery Material in this litigation may designate Discovery Material produced by it/him/her as "Confidential." This designation shall be limited to information which the disclosing party in good faith believes contains or reveals confidential, proprietary or commercially sensitive information that requires the protections provided by this Order. For purposes of this Order, Discovery Material that may be designated "Confidential" includes relevant non-public materials, including but not limited to materials constituting or containing information reflecting or related to: confidential financial or business plans; financial or tax data; personal information; medical treatment; or surveillance records. A party may designate Discovery Material as "Confidential" that it in good faith believes

contains or refers to trade secrets or other confidential research development, business, financial, or medical information or other confidential commercial information, that, if disclosed, could cause competitive or other injury.

3. Discovery Material that is designated "Confidential," and any documents or information derived therefrom, shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other litigation.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the following persons:

    (a) outside and in-house counsel who represent a party in this litigation, and the regular and temporary employees and service vendors of such counsel assisting in the conduct of the litigation, provided that such disclosure may solely be for use in accordance with this Order;

    (b) clients;

    (c) potential or actual witnesses or deponents and their counsel, during the course of, or, to the extent necessary in preparation for, depositions, testimony or trial in this litigation;

    (d) Any outside expert or consultant retained to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert or consultant has agreed to be bound by the provisions of this Confidentiality Stipulation and [Proposed] Protective Order by signing a copy of Exhibit A; and (ii) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party;

    (e) the Court;

(f) court reporters, stenographers and videographers retained to record testimony taken in this action;

(g) authors or recipients of documents or persons referred to in any document;

(h) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Confidentiality Stipulation and [Proposed] Protective Order;

(i) any other person only upon order of the Court or upon stipulation of the producing party.

5. The designation of Discovery Material as "Confidential" shall be so designated by affixing the legend, as appropriate, of "CONFIDENTIAL" to each page containing any "Confidential" Discovery Material. Affixing the appropriate legend(s) on the cover of any multipage document which is bound, stapled or otherwise securely attached shall designate all pages of the document as "Confidential" unless otherwise indicated by the producing party.

6. If the producing party inadvertently produces Discovery Material that it considers to be "Confidential" without such designation, the producing party may subsequently designate such Discovery Material as "Confidential" by delivering written notice of such designation to the other Parties within a reasonable period after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Order. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

7. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Confidential" for purposes of this Order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all Parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the

court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Confidential" testimony.  Thereafter, only those portions of the transcripts designated as "Confidential" in the litigation shall be deemed "Confidential" Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

8. "Confidential" Discovery Material may be provided to persons listed in paragraph 4 above, provided that such individuals are using said "Confidential" Discovery Material solely in connection with this litigation.  Prior to receiving any "Confidential" Discovery Material, the persons set forth in paragraph 4, subsections (c), (d), (f), (g), and (i) must sign a nondisclosure agreement in the form of the Assurance of Compliance at EXHIBIT A attached hereto. Nothing in this requirement shall be construed to require that the persons set forth in paragraph 4, subsections (a), (b), (e), and (h) be required to execute a copy of EXHIBIT A.

9. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Order, or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be submitted to the Court pursuant to local rule regarding the filing of confidential material (L.R. 5-4.2(b) and/or 79-5) along with a motion to file under seal with a copy of the title page attached to the front of the sealed envelope or container and the label "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DATED [INSERT DATE OF ORDER]" clearly marked thereon.

10. If information subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled.

11. Counsel shall confer on such procedures as may be necessary to protect the confidentiality of any documents, information and transcripts used in the course of trial or any such court proceedings. They should present those suggested procedures to the presiding judicial officer at the relevant time.

12. The Parties to this litigation agree that the production of any Discovery Material by any non-party to the litigation shall be subject to and governed by the terms of this Order, and a party may designate as "Confidential" any materials produced by a non-party if such designation is appropriate under this Order.

13. In the event that additional Parties join or are joined in the litigation, they shall not have access to "Confidential" Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order or the Court orders such disclosure.

14. The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the Parties; however, all material produced and designated as "Confidential" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as through entered by the Court.

15. If any third party serves a subpoena or other process or request seeking to review any information designated "Confidential," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" Discovery Material covered by this Order, or to subject himself/herself/itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

16. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Confidential" Discovery Material.

17. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

18. This Order shall survive the final termination of this action, to the extent that the information contained in "Confidential" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the Parties finally disposing of this action), the Court, all Parties and persons having received "Confidential" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person, unless the Party having possession of "Confidential" Discovery Material is required to keep such document(s) under applicable law or regulations. Upon request, the Parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed. Outside counsel for the Parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "Confidential" Discovery Material, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to Court order or by agreement of the producing party. The "Confidential" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. Unless otherwise agreed,

outside counsel for each party may retain archival copies of all "Confidential" Discovery Material marked as an exhibit during a deposition, used at a hearing or at trial, or filed with the Court, and this Order shall remain in force with respect to such material.

19. This Order is subject to modification or further Court order based on public policy and/or other considerations.

20. Nothing herein shall alter or change in any way the discovery provisions of the F.R.C.P., the Local Rules for the United States District Court for the Central District of California, or the Court's own Protective Orders.  Identification of any individual pursuant to this Confidentiality Stipulation and [Proposed] Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the F.R.C.P., the Local Rules for the United States District Court for the Central District of California, or the Court's own Protective Orders.

21. This Agreement shall be binding upon and for the benefit of the undersigned Parties, their successors and assigns.

SO STIPULATED:

DATED:  May 2, 2014                    McKAY, de LORIMIER & ACAIN


                                       By  s/ *Paul A. de Lorimier*
                                           JOHN P. McKAY
                                           PAUL A. de LORIMIER
                                       Attorneys for Plaintiff,
                                       CHURCH MUTUAL INSURANCE
                                       COMPANY

| | | |
|---|---|---|
| 1 | DATED: May 2, 2014 | SELTZER CAPLAN McMAHON VITEK |
| 2 | | A Law Corporation |
| 3 | | |
| 4 | | By  s/ *Robert Traylor* |
| 5 | | Robert M. Traylor, Esq. |
| | | Attorney for Defendant FEDERAL |
| 6 | | INSURANCE COMPANY |

1
2
3
4
5
6
7
8
9
10
11  Dated:  May 14, 2014
12
    JEAN P. ROSENBLUTH
13  UNITED STATES MAGISTRATE JUDGE
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
# ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside in the City/County of _____, and State of _____.

I certify that I have read the Protective Order (the "Order") dated _____, 2014 in the action entitled Church Mutual Insurance Company vs. Federal Insurance Company, Case Number 8:13-cv-01601 DOC (JPRx), which is currently pending in the United States District Court of the Central District of California, Southern Division.

I am fully familiar with and agree to comply with and be bound by the provisions of the Order; and I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this litigation, any Discovery Material designated as "CONFIDENTIAL."

I consent to the jurisdiction of the United States District Court of the Central District of California, Southern Division, for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

Dated: _____     _____
                                                          (Signature)