JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# (SOUTHERN DIVISION)

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana Corporation; DOES 1 through 10, INCLUSIVE,<br><br>Defendant. | Case No. 8:13-cv-01601 DOC (JPR)<br><br>Orange County Superior Court<br>Case No. 30-2013-0067459-CU-BC-CTL<br><br>**JUDGMENT** |

On March 4, 2015, at 8:30 a.m., Plaintiff Church Mutual Insurance Company's ("Church Mutual") Motion for Partial Summary Judgment, and Defendant Federal Insurance Company's ("Federal") Motion for Summary Judgment or, in the Alternative, Summary Adjudication, came on for hearing before this Court in Courtroom 9D of the Ronald Reagan Federal Building and United States Courthouse of the United States District Court for the Central District of California.

The Court, having considered Church Mutual's Motion for Partial Summary Judgment against Federal, and all papers filed therewith; Federal's Opposition, and all papers filed therewith; Church Mutual's Reply, and all papers filed therewith; the oral argument of counsel at said hearing; and Federal's Motion for Summary Judgment or, in the Alternative, Summary Adjudication, against Church Mutual, and all papers filed therewith; Church Mutual's Opposition, and all papers filed therewith; Federal's Reply, and all papers filed therewith; the oral argument of counsel at said hearing; and finding good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All parties have received due and adequate notice of these proceedings, and a full and fair opportunity to participate in this hearing process, and that said parties are thereby bound by this Judgment, which the Court enters pursuant to Federal Rule of Civil Procedure 56(a).

2. In entering this Judgment, the Court considered the uncontroverted facts in this matter as they relate to the merits of Church Mutual's claims and theories of liability against Federal, and the merits of Federal's defenses against Church Mutual's claims and theories of liability.

3. The Court expressly finds and determines that there is no dispute as to any material fact regarding the grounds upon which this Judgment is based, and that Federal is entitled to judgment against Church Mutual as a matter of law.  More particularly, the uncontroverted material facts establish as a matter of law that:

(a) Church Mutual failed to meet its burden of providing any covered, non-excluded claims existed, or that any sought-after defense costs were incurred with respect to any covered claim. No covered claims existed. Lacking any duty-to-defend in the Policy, and without any coverage, Federal owes no duty to reimburse defense costs to Church Mutual. Church Mutual also has not established that it met the Policy's deductible, which requires monies paid on a covered claim, and on that further basis Church Mutual cannot establish that it was or is entitled to any reimbursement of the defense costs it alleges it incurred in defending against the Haas Action.

(b) Federal did not breach the terms of its insurance contract with Church Mutual: No coverage existed for the Haas claim tendered by Church Mutual to Federal because the claims at issue involved conduct, upon the uncontroverted facts here, that did not come within the definition of "Insurance Services" under the Federal Policy and California law, and thus Federal did not owe any obligation to defend, indemnify, advance costs, or reimburse Church Mutual.

(c) Federal did not breach the terms of its insurance contract with Church Mutual: No coverage existed for the Haas claim tendered by Church Mutual to Federal because the claims at issue were excluded under the Policy's Exclusion 4(f) and, separately and independently, Exclusion 4(g), and thus Federal did not owe any obligation to defend, indemnify, advance costs, or reimburse Church Mutual.

(d) Federal did not fail to investigate Church Mutual's claim: Nothing in the Haas FAC triggered any alleged duty to investigate, which contained only excluded and/or non-covered claims, and Church

2

Case No. 8:13-cv-01601 DOC (JPR)
JUDGMENT GRANTING DEFENDANT
FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT
P:\15\15536\71220\Pleads\[Proposed] Final Judgment re MSJ.docx

Mutual failed to provide to Federal any factual or legal basis that would have required any investigation beyond that conducted by Federal, or that any reasonable investigation would have led to the uncovering of covered claims. Federal did not have a continuing duty to investigate the Church claim.

(e) Federal did not breach any obligations owed to Church Mutual under the policy, and did not engage in any unreasonable conduct in its claims handling. Nor did Federal act without proper cause in its handling of Church Mutual's claim. Federal did not breach the covenant of good faith and fair dealing owed to Church Mutual under the Policy.

(f) Federal did not engage in unfair competition or any other tortious conduct. All of Church Mutual's tort claims were premised upon its allegations of "bad faith" against Federal, and thus those claims fail along with Church Mutual's "bad faith" claim.

4. Church Mutual shall recover nothing from Federal, and Church Mutual's action shall be and hereby is DISMISSED with prejudice in its entirety as to Federal. Judgment is hereby entered in favor of Federal on the merits, with Federal to recover its costs from Church Mutual pursuant to Rule 54 of the Federal Rules of Civil Procedure in an amount to be determined by the Court.

IT IS SO ORDERED

Dated: March 17, 2015

*David O. Carter*
Hon. David O. Carter
United States District Court Judge